I cannot fully concur with the opinion of the majority because the record reflects that Fitzgerald's written statement was just that: his unsworn statement. Had Appellant presented to the trial court a sworn affidavit from Fitzgerald containing sworn statements which unquestionably contradicted Fitzgerald's earlier sworn testimony, appellant would have raised a scenario almost directly analogous to that found in State v. Brown (Aug. 12. 2994), Mahoning App. No. 93 C.A. 164, unreported, relied on by the majority. Because I do not find we have, "no reason to believe that Mr. Fitzgerald's written [unsworn] statement was untrue," for the very reason that it was unsworn, I am troubled by the majority opinion's direct analogy to Brown, supra without further qualifiers.
That said, I concur that, in the interests of justice, the trial court should be required to have an evidentiary hearing prior to disposing of Appellant's motion to withdraw his plea. While Fitzgerald's statement was unsworn, it does raise serious questions as to the underlying plea agreement. These questions are best dealt with by a hearing at which time the trial court can take sworn testimony and best use his discretion as to the merits of Appellant's motion.
 APPROVED: ____________________________________ CHERYL L. WAITE, JUDGE